UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

Ira Fefferman, a consumer residing in
Deschutes County,

                              Plaintiff,

       v.

Credit Associates, Inc., a licensed Oregon debt
collector,

                             Defendant.

6:16-CV-1340-TC

ORDER

COFFIN, Magistrate Judge:

    This action is brought pursuant to the Fair Debt Collection Practices Act (FDCPA). Plaintiff alleges that defendant debt collector attempted to collect inappropriate and excessive interest.

    Presently before the court is defendant's motion for summary judgment.

## Legal Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Page 1 - ORDER

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

## Factual Background

Plaintiff's now deceased wife incurred medical bills at St. Charles Hospital. The Hospital assigned the debt to defendant debt collector Credit Associates, Inc.

Credit Associates subsequently filed a Justice Court action against plaintiff in Deschutes

Page 2 - ORDER

County, Oregon. The Justice Court initially entered a default judgment against plaintiff. The parties subsequently communicated and Credit Associates agreed to have the default judgment vacated and dismiss the action with prejudice.

Plaintiff has presented evidence indicating that at no time did plaintiff ever agree to release Credit Associates from liability under the FDCPA. There was no written settlement agreement or release and Credit Associates has not provided any written evidence of a release from liability under the FDCPA.

Plaintiff subsequently filed the present action under the FDCPA for the attempted collection of inappropriate and excessive interest. Defendant seeks summary judgment on the claims with essentially four theories. As discussed below, defendant is not entitled to summary judgment.

## Discussion

### The Rooker - Feldman Doctrine is Inapplicable

Defendant contends this court lacks jurisdiction under the Rooker - Feldman doctrine. Under the Rooker - Feldman doctrine, federal courts cannot hear cases that amount to collateral attacks on state court judgments. D. C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003) ( "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court").

The Rooker-Feldman doctrine is inapplicable in the present action. No applicable final judgment of the state court exists as the state court vacated Credit Associates' default judgment and accepted Credit Associates' voluntary dismissal of the action with prejudice.

Moreover, there are several cases standing for the proposition that even where there is a non-vacated state court judgment, Rooker-Feldman does not bar subsequently filed FDCPA claims. See,

Page 3 - ORDER

e.g., Jenkins Brown v. Liberty Acquisitions Servicing, LLC , 2015 U.S. Dist. LEXIS 125044, 3:14-cv-01610-ST ( D. Or. July 29, 2015); Cameron v. LR Credit 22, LLC , 998 F. Supp2d 293, 297 (SDNY 2014) ; Foster v. D.B.S. Collection Agnecy , 463 F. Supp. 2d 783, 798 (SD Ohio 2006) ( Rooker-Feldman does not bar FDCPA claim when plaintiffs' alleged injuries are not the result of the state court judgments themselves, but rather from the allegedly illegal practices defendants used to obtain those state court judgments).

Accord and Satisfaction Inapplicable

Credit Associates' arguments related to accord and satisfaction and estoppel also fail.  Plaintiff has presented evidence indicating that at no time did plaintiff ever agree to release Credit Associates from liability under the FDCPA.  There was no written settlement agreement or release and Credit Associates has not provided any written evidence of a release from liability under the FDCPA.

Defendant Not Entitled to Summary Judgment on Interest Allegations

Plaintiff's claims arise from the interest charged by defendant on the underlying charges for hospital services.  Primarily at issue is the point in time that interest begins to accrue on an unpaid bill.  The bills sent to plaintiff by a third party agent of the Hospital provide a "due date" for the bill that is 18 days after the billing statement date.

Plaintiff maintains that it is appropriate for lawfully assessed interest to begin to accrue from the "due date " and not earlier.

Defendant maintains that it is appropriate to start accruing interest prior to the "due date."

Page 4 - ORDER

Defendant bases its argument on a document plaintiff signed upon his wife's admission to the Hospital. Such document states that "Accounts are payable in full at the time of billing." Conditions of Admission/General Consent to Treatment, Exh. G to #15.

There is no mention in the aforementioned document of how the "due date" comes into play in the payment of the account, or when interest begins to accrue. Plaintiff notes that ORS 82.010, provides:

> (1) The rate of interest ... if the parties have not otherwise agreed to a rate of interest, is nine percent per annum and is payable on:
>
> (a) all monies <u>after they become due</u> ....

ORS 82.010(1)(a) (emphasis added).[1]

Plaintiff also cites a case from the Federal Court in the District of Oregon citing ORS 82.010 and finding that interest begins to accrue from the due date of the billing. <u>Klemp v. Columbia Collection Service</u>, 3:13-cv-01577-PK, p. 18 of Findings & Recommendation (dated July 21, 2014), Adopted by Opinion and Order (dated October 17, 2014).

Defendant has not shown that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. As such, defendant's motion for summary judgment on this theory is denied.

<u>Defendant Not entitled to Summary Judgment on Bona Fide Error Defense</u>

Defendant contends that it is entitled to summary judgment on its affirmative defense of bona fide error. 15 U.S.C. § 1692k(c) provides:

---

[1] Plaintiff has adequately demonstrated that the subject accounts are not open accounts.

Page 5 - ORDER

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

15 U.S.C. § 1692k( c ).

Defendant's bona fide defense argument is inconsistent with its position that its actions were appropriate and were not in any way an error. If the argument is intended as an alternative argument, it fails as defendant has not shown that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Defendant notes in its brief a lack of clarity on the issues at the time of briefing. P. 15 and p. 16 of Reply (# 27). And defendant has not shown any procedures adapted to avoid the charging of excessive interest by accruing interest on bills before they come due. Defendants motion for summary judgment on this defense is denied.

## Conclusion

Defendant's motion (#14) for summary judgment is denied.

DATED this 23 day of January, 2017 .

THOMAS M. COFFIN
United States Magistrate Judge

Page 6 - ORDER